2014 UT App 20

**Gregory Emmanuel WILLIAMS, Petitioner and Appellant,**

v.

**Dennis SORENSEN, Respondent and Appellee.**

No. 20130872–CA.

Court of Appeals of Utah.

Jan. 24, 2014.

Sixth District Court, Manti Department, No. 130600020; The Honorable Wallace A. Lee.

Gregory Emanuel Williams, Appellant Pro Se.

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and JOHN A. PEARCE.

PER CURIAM:

¶ 1 Gregory Emmanuel Williams appeals the district court's order dismissing his peti-

---

tion for extraordinary relief as frivolous. This matter is before the court on its own motion for summary disposition on the basis that the grounds for review are too insubstantial to merit further proceedings.

¶2 In the first instance, we address Williams's claim that the district court erred in determining that he had failed to include "a short, plain statement of the facts." Utah R. Civ. P. 65B(b)(3). While the district court did note that it believed that the extensive statement of facts did not comply with the rule because the facts were neither short nor plain, it went on to analyze the merits of Williams's claims. Accordingly, because the district court did not base its dismissal decision on Williams's recitation of the facts, Williams cannot show any error based on the district court's pronouncement that his statement of the facts failed to comply with the rule.

¶3 As to the district court's decision to dismiss the petition for extraordinary relief as frivolous, we review a district court's decision in a rule 65B extraordinary writ case for an abuse of discretion. *See State v. Barrett,* 2005 UT 88, ¶26, 127 P.3d 682. On appeal, Williams provides this court with no legitimate reason to overturn the ruling of the district court.

¶4 The district court noted that Williams's "claim boils down to a disagreement about inmate discipline, security, and placement within the prison system, matters over which the Department of Corrections has wide discretion and is afforded great deference." After reviewing the petition for extraordinary relief and all of the documents Williams filed on appeal, we agree with the district court's characterization of Williams's claims. Williams clearly disagreed with the factual allegations underlying the disciplinary proceedings, arguing that reports of the incidents contained false information. Despite Williams's complaints concerning the evidence, we agree with the district court that the Department of Corrections did not abuse its discretion in the disciplinary process and afforded Williams due process in resolving the disciplinary actions. Williams was pro-

vided notice of the offenses with sufficient information to enable him to understand the claims against him. Further, he was provided with an opportunity to contest the allegations and present evidence in his defense, even if he did not take full advantage of that opportunity,[1] and he was able to appeal the disciplinary hearing officer's decision through an administrative process. Under these circumstances, we cannot conclude that the district court abused its discretion in dismissing the petition for extraordinary relief, especially when its decision was based, in large part, on the discretion afforded to the Department of Corrections in disciplinary matters.

¶5 Affirmed.

---

1. Due to Williams's behavior, he was removed from one disciplinary hearing and, in accordance with applicable prison regulations, the hearing was allowed to take place without him.